UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jose E. Reig,

    Plaintiff,

C.A. No.: 0:24-cv-60014

-against-

**DEMAND FOR JURY TRIAL**

Experian Information Solutions, Inc.,
Jefferson Capital Systems, LLC,

    Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Jose E. Reig ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Jefferson Capital Systems, LLC ("Jefferson"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of Florida, County of Broward.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C.§ 1692a (3).

7. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Florida and may be served with process upon the C T Corporation System, its registered agent for service of process at 1200 S Pine Island Rd #250, Plantation, FL 33324.

8. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Jefferson is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process, care of Corporation Service Company, located at 1201 Hays Street, Tallahassee, Fl 32301-2699.

11. Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Jefferson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The subject obligations are consumer-related, and therefore each considered a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. Jefferson uses the instrumentalities of interstate commerce or the mails in their respective businesses, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16. This Complaint pertains to a consumer debt, originally incurred by Plaintiff, to non-party original creditor, Consumer Portfolio.

17. Plaintiff encountered some financial difficulties and was unable to pay his obligations related to the Account.

18. Upon information and belief, Consumer Portfolio sold the subject debt on or around January 2023 to Jefferson Capital Systems, LLC for the purpose of debt collection.

19. Jefferson Capital Systems, LLC is a debt collector.

20. The subject debt is associated with an account number of 369070******* ("Account").

21. The subject debt is a consumer debt.

22. The Account is reporting as a derogatory collection account with $4,954 written off and $4,879 past due amount.

23. On or around January 2023, when the debt was purchased by Jefferson, they began reporting the Account in duplicate as two additional new debts on Plaintiff's credit reports, in violation of the FDCPA.

24. Jefferson's reporting in duplicate the derogatory Account in addition to the original creditor reporting the same debt, is an illegal attempt to collect a debt, as Jefferson falsely duplicates the legal status, character and amount of Plaintiff's outstanding debt.

Jefferson Dispute and Violation

25. Upon information and belief, on a date better known to Experian ("Experian or Bureau") Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

26. The inaccurate information furnished by Jefferson and published by Experian is inaccurate since the same debt is reporting three times on Plaintiff's credit reports.

27. A collection account is a derogatory account that serves to lower a consumer's credit score and perceived creditworthiness with potential lenders.

28. A charged-off account is also a derogatory account that serves to lower a consumer's credit score and perceived creditworthiness with potential lenders.

29. Each derogatory account listed has an additionally negative impact to a consumer's credit score, so the triplicate reporting of the same debt has had a severe negative impact on Plaintiff's perceived creditworthiness due to no fault of his own.

30. In the first instance, the Jefferson Account reports with a balance listed of $4,879, a status of Account charged off, $4,954 written off, $4,879 past due as of Jan 2023, a past due amount of $4,879, and with charge-off notations in the payment history.

31. In the second instance, the Jefferson Account reports listing the original creditor as CONSUMER PORTFOLIO SERVC, account type as debt buyer, a status of Collection account, $4,954 past due as of Sep 2023, a balance of $4,954, a past due amount of $4,954, and charge-off notations in the payment history.

32. In the third instance, the Jefferson Account reports listing the original creditor as CONSUMER PORTFOLIO SERVC, listing the same account number as the second instance of the account, the account type as debt buyer, a status of Collection account, $4,954 past due as of Sep 2023, a balance of $4,954, a past due amount of $4,954, and charge-off notations in the payment history.

33. By reporting the same debt in triplicate form, Defendants excessively exaggerate the derogatory nature of Plaintiff's debt.

34. Experian's triplicate reporting of the same debt gives the false appearance that Plaintiff has multiple delinquent accounts.

35. In fact, Plaintiff can only have one derogatory account reporting on his credit reports for the single outstanding debt.

36. Whenever Experian prepares a consumer report, they are required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.

37. Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's collection Account.

38. Had Experian followed reasonable procedures to assure maximum possible accuracy, Experian would have only reported Plaintiff's Account and debt once instead of three times on Plaintiff's credit reports.

39. Jefferson is restricted from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Jefferson is specifically withheld from falsely representing the character, amount or legal status of the debt under the FDCPA.

41. As Plaintiff only had one outstanding debt, Jefferson's duplicate reporting of the debt, resulting in triplicate reporting of the same debt, falsely represented the character, amount and legal status of the debt at issue.

42. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

43. This inaccurate information on Plaintiff's credit report has negatively affected his credit score.

44. Plaintiff was even denied new lines of credit from several potential lenders due to Defendants' actions and omissions.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. Plaintiff applied for a loan with PenFed Credit Union and was denied on October 26, 2023.

47. Plaintiff applied for a personal loan from SoFi and was denied in a letter dated October 26, 2023.

48. The first key reason stated by SoFi for the denial was "Serious delinquency and public record or collections filed."

49. Plaintiff experienced great difficulty obtaining a loan due in substantial part to Defendants' inaccurate reporting.

50. As a result of Experian 's failure to comply with the FCRA and Jefferson's failure to comply with the FDCPA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Experian)**

51. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

53. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

54. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

56. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Jose E. Reig, an individual, demands judgement in his favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

58. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

60. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

61. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jose E. Reig, an individual, demands judgement in his favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Violations of the FDCPA as to Jefferson Capital Systems)

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Jefferson's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Jefferson violates §1692e:

    a. By misrepresenting the true character and/or legal status of the alleged debts in violation of §1692e(2)(A); and

    b. By making a false and misleading representations/omissions in violation of §1692e(10).

69. By reason thereof, Jefferson is liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For actual damages, statutory damages and reasonable attorneys' fees and expenses pursuant to the FDCPA as to Jefferson;

    h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: January 4, 2024                                                          Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
<u>/s/ Justin Zeig</u>
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*